NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURPREET SINGH, | No. 16-72041 |
| Petitioner, | Agency No. A201-295-482 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Gupreet Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") affirming an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that, although Singh established past persecution, the government rebutted Singh's presumed well-founded fear of future persecution with evidence that he could safely and reasonably relocate within India to avoid harm. *See* 8 C.F.R. § 1208.13(b)(3); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003). We reject Singh's contentions that the agency's relocation analysis was insufficient and that the BIA failed to adequately address his argument that the IJ's analysis was insufficient. Thus, his asylum claim fails.

In this case, because Singh failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**